JOHN JACOB MYER, Appellant,

*vs.*

JOSEPH A. GLEISNER, Respondent.

APPEAL FROM THE GREEN CIRCUIT COURT.

An action to enforce a mechanic's lien is a special proceeding, *sui generis*, of which a justice of the peace has no jurisdiction.

In an action to enforce a mechanic's lien, the question of cost does not depend upon the amount recovered.

If the mechanic has complied with the statute in fixing his lien, he is entitled to his costs in enforcing it.

This was an action brought by the appellant against the respondent to enforce a mechanic's lien.

The whole question determined, arises upon the charge of the court below, which is stated in the opinion.

*Stevens & Kelley* for the Appellant.

*Dunwiddie & Dexter* for the Respondent.

*By the Court,* SMITH, J. The only point presented in this case, worthy to be considered, or in any manner essential to the rights of the parties, so far as they have been presented, is in regard to a question of costs.

This was a mechanic's lien, prosecuted for work and labor in conformity with the statute in such case provided; a special proceeding, unknown to the common law, *sui generis*, to be prosecuted, regulated, determined and executed in strict conformity with the statute enacting the remedy.

The lien of the mechanic, or material man does not depend upon the amount of work done, or material furnished, but upon the fact whether he has complied with the statute, giving him the lien. If he has the lien by compliance with the statute, he is entitled to his costs in the process of enforcing it.

It would seem that the Circuit Judge failed to distinguish between this special proceeding under the statute, and an ordinary action within the jurisdiction of a justice of the peace for work and labor. The former is the subject matter of a special proceeding under chapter 120 of the revised statutes; the costs follow the judgment without reference to the amount recovered.

The court below charged the jury that unless they found the plaintiff's damages to exceed the sum of fifty dollars, they should assess the costs of the suit against the plaintiff and for the defendant. This was undoubtedly erroneous. The jury had nothing to do with the costs, which by our practice, except in a very few cases, do not depend upon the finding of the jury.

Judgment reversed.